## MEXICAN NAT. R. CO. v. PALMER.

### (Circuit Court of Appeals, Fifth Circuit. March 1, 1904.)

#### No. 1,287.

1. MASTER AND SERVANT—INJURIES TO SERVANT—RAILROADS—ISSUES—BURDEN OF PROOF—REQUESTED INSTRUCTIONS.

Where, in an action for injuries to a Pullman porter in a railroad wreck, whether he was injured at all in the wreck was in issue, and the evidence thereon was strongly conflicting, defendant was entitled to a charge that the burden was on plaintiff to establish by a preponderance of the evidence, to the jury's satisfaction, the derailment of the train on which plaintiff was serving as a porter, and that he was injured in the manner alleged in his petition, and that if he had failed to so establish either of such propositions as alleged he could not recover.

2. SAME—INSTRUCTIONS GIVEN.

Such instruction was not covered by a charge that the accident was alleged to have happened at a particular point on defendant's road; that plaintiff in his petition claimed that the derailment of the coach in which he was riding was caused by defendant's negligence in running the train at an excessive and dangerous rate of speed, and by the defective condition of defendant's track at the point where the accident occurred; that if plaintiff's injuries resulted from either of these causes, or both combined, defendant would be liable; and that the burden was on plaintiff to prove his case as alleged; together with a subsequent charge that in civil cases, like the present, the jury were entitled to predicate their finding on a preponderance of the evidence.

In Error to the Circuit Court of the United States for the Southern District of Texas.

Thos. W. Dodd, for plaintiff in error.
E. A. Atlee and Chas. H. Bertrand, for defendant in error.

Before PARDEE, Circuit Judge, and SPEER and NEWMAN, District Judges.

NEWMAN, District Judge. This case is here on writ of error from the Circuit Court for the Southern District of Texas. The case in the court below was a suit by Frank Palmer against the Mexican National Railroad Company for damages for injuries which he alleges he received by the derailment of a train on the Mexican National Railroad in the Republic of Mexico, and near the station of Maravatia, on said road. On the trial of the case the plaintiff obtained a verdict, and judgment was entered thereon.

Frank Palmer, the plaintiff, was a porter on a Pullman car called "La Gitana." The train consisted of the engine and tender, baggage car, three Pullman cars, and two ordinary coaches, second and third class. The "Matamoras" was the front sleeper next to the baggage car, "La Paloma" was next, and "La Gitana," on which the plaintiff was porter, and on which he was riding, was third. The two ordinary coaches were in the rear. The cause of the accident, it appears, was a broken rail, although it is not material to the issue here what caused it. It seems that the engine and baggage car passed over the broken rail, but the "Matamoras" and "La Paloma," the two front sleepers, were derailed. "La Gitana," in which the plaintiff was riding, was not derailed, although its platform was broken in the accident. The plaintiff says that "the trucks that the front part of his car mounted had left the rail, and that is what stopped the car."

The plaintiff, according to his testimony, at the time the accident occurred, was sitting on a stool in the aisle at the front end of the sleeper. He was near a window, and near a swinging door between the main portion of the car and the ladies' toilet room. In his direct testimony plaintiff says that "it gave a quick jolt, and threw me off my seat, and threw this leg through the window (indicating his right leg)." On cross-examination he said: "The sudden stopping of the train threw my leg through the glass that is in the inner door that one goes through to go to the ladies' toilet room. The glass must be two and a half feet from the floor in the door. The door is on automatic hinges, that it opens either way, backward or forwards." The plaintiff offered evidence of two physicians to show that he had a badly ulcerated leg. Neither of the physicians stated the cause of the condition of plaintiff's leg, but substantially stated that it could be the result of an injury such as plaintiff claimed to have received. One of the physicians first examined plaintiff in June, 1901, and the other first examined him in July, 1902.

While the plaintiff's petition alleges that the accident occurred on February 4, 1901, it seems really to have occurred on January 4, 1901. Plaintiff's suit was commenced on the 25th of February, 1902.

The defendant offered evidence tending to show that plaintiff made

no complaint of any injury on the night of the accident, or the next morning, and gave no evidence of injury.

Part of the testimony of the conductor of the Pullman cars was as follows:

"My duty was to see what damage was done, and make a report of it. I examined the car carefully, and there was no damage to the car except the front platform. I made a damage report of that train, and turned it in. I examined the door that swings on automatic hinges, and the glass in that door, and the whole body of the car, and there was no broken glass in that door or in the car at all."

It will be seen from the foregoing that a clear issue was made in the case as to whether the plaintiff was injured as claimed.

Defendant's counsel requested the court in writing to charge the jury as follows:

"The jury are instructed that the burden of proof is upon the plaintiff to establish, by a preponderance of the testimony, to your satisfaction, (1) the derailment of defendant's train, upon which the plaintiff was serving as a Pullman porter; (2) that he was injured in the manner alleged in his petition; (3) if the plaintiff has failed to establish the derailment, and his injuries as alleged, or either the derailment or his injuries, by a preponderance of the evidence, you will return a verdict in favor of the defendant company."

This written request to charge the court refused.

The part of the charge of the court as given, so far as it relates to the burden of proof being on the plaintiff, is as follows:

"The accident out of which the suit arose is alleged to have happened at a point on the road of defendant within a few miles of the station of Maravitia, in the Republic of Mexico. In his petition plaintiff claims that the derailment of the coach in which he was riding was caused by the negligence of defendant's employés in running the train at an excessive and dangerous rate of speed, and by the defective condition of defendant's track at said point, and the burden is upon him (the plaintiff) to prove his case as alleged."

In concluding his charge, the court in addition said this:

"In civil cases, such as the present one, you may predicate your finding upon a preponderance of the evidence."

The learned judge in the court below probably refused the request of defendant's counsel to charge as indicated above, for the reason that it was believed to have been covered by the general charge as quoted. We do not think so. The charge as given, so far as it puts the burden on the plaintiff, clearly did so with reference to the cause of the accident. The language used confines it to this. We think, fairly interpreted, that this instruction refers only to the plaintiff's claim that the train was running "at an excessive and dangerous rate of speed," and that the track was in a "defective condition," and then puts the burden upon the plaintiff to prove those causes of derailment as alleged.

The conclusion that the court did not intend to apply this part of the charge to the matter of injury is strengthened by the fact that in the next paragraph of the charge it seems to be assumed that the plaintiff was injured as alleged. The opening sentence of the paragraph is: "If the injuries of plaintiff resulted from either one of these causes, or both combined, the defendant would be liable, and your verdict should be against it."

The last paragraph of the court's charge, to the effect that "in civil cases, such as the present one, you may predicate your finding upon a preponderance of the evidence," cannot be claimed in any sense to cover the defendant's request.

A distinct issue was made on the trial of this case as to whether the plaintiff was injured as claimed, and in the manner claimed, by this accident. Consequently the defendant was entitled to have the court instruct the jury specifically, as requested, that the burden was on the plaintiff to show that he was injured in the manner alleged. We are not unmindful of the well-recognized rule that when a specific request has been really and substantially covered by the general charge there is no duty on the court to give such request; this being especially true when the request would tend to emphasize unduly a particular feature of the case. In this instance, however, we think the rule inapplicable, for the reasons which have been stated. In view of the direction given to this case, we refrain from any further comment on the evidence. Such mention of it as has been made was only for the purpose of showing the existence of an issue rendering pertinent the instruction requested for the defendant.

An exception having been saved by the defendant to the refusal of the court to charge as requested, we are constrained to hold that the same was well taken.

The judgment of the court below is reversed, and the case remanded, with directions to grant a new trial.